UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 08-08-DCR |
| V. | ) ) | |
| AARON MITCHELL and HETTIE MITCHELL, | ) ) ) | |
| Defendants, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| V. | ) ) | |
| SENTRY INSURANCE COMPANY, | ) ) | |
| Third-Party Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendants Aaron and Hettie Mitchell's motion to strike the notice of removal and remand this action to the Shelby Circuit Court. [Record No. 6]  More specifically, the Defendants claim that the removal of this action was untimely and violated several procedural and notification requirements of 28 U.S.C. § 1446. They also seek costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).  The removing Third-Party Defendant, Sentry Insurance Company ("Sentry"), contends that removal was proper and that costs are not warranted under the circumstances presented.

Having reviewed the parties' briefs and the relevant law, the Court finds that the removal of this action was untimely under § 1446(b) and will grant the motion to remand.  However,

-1-

because the Court cannot conclude that Sentry's grounds for removal were objectively unreasonable, the parties' motion for costs and attorney fees will be denied.

## I.      BACKGROUND

This litigation arises out of a fire that occurred at the home of Defendants Aaron and Hettie Mitchell on March 8, 2007. The home was insured by Third-Party Defendant Sentry for $92,600 and mortgaged through Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank"). The balance remaining on the mortgage at the time of the fire was approximately $84,000. On May 3, 2007, Deutsche Bank filed a foreclosure petition and complaint in Shelby Circuit Court seeking a monetary judgment and/or foreclosure of the residence to recoup the remaining principal balance. [Record No. 1, Att. 6] Thereafter, on December 19, 2007, Defendant Hettie Mitchell filed a Third-Party Complaint against Sentry seeking the full amount of the insurance policy, plus interest, as well as other specified and unspecified damages.

In relevant part, the Third-Party Complaint alleges as follows:

8.) On March 8, 2007 the subject property caught fire and was burned to the ground for a total destruction of the premises.

9.) Sentry conducted a lengthy and thorough investigation of this fire and agreed in a letter dated October 22, 2007 to award Defendant $92,600.00. Further, Sentry stated in said letter that "any checks issued for the replacement of the home would include the name of the mortgage holder at the time of the loss, Countrywide Home Loans." (See attached letter from Sentry to Austin Hite Hays dated October 22, 2007 and marked Exhibit B).

10.) This statement is accurate with the loss payee portion of the insurance policy Defendant had with Sentry which permitted: "we may pay the mortgagee the whole principal on the mortgage plus any accrued interest." (See attached Insurance Policy Page 3 of 12 (Exhibit A)).

11.) Plaintiff and Defendant have made demand upon Sentry for payment of the amounts due under this Policy.

12.) However, Sentry in bad faith has refused to issue any of the $92,600 they offered in the letter dated October 22, 2007 unless Defendant repairs and rebuilds her home.

[Record No. 1, Att. 31]  The Third-Party Complaint specifically seeks "[p]ayment by Sentry to Defendant of the $92,600 bearing interest at the rate of twelve percent (12%) per annum from March 8, 2007 forward and all damages naturally flowing from Sentry's bad faith limitation on payment of the claim," as well as $10,000 in personal property damages, punitive damages, and other unspecified damage amounts.  [*Id*., p. 4]

Subsequently, on February 11, 2008, Sentry removed the action to this Court, claiming that it first received notice that the amount in controversy exceeded the jurisdictional requirement in a demand letter dated January 14, 2008.  In that letter, the Mitchells stated that they were seeking $92,600.00, plus any amount necessary to satisfy Deutsche Bank's claims against the Mitchells and over $200,000 in other specified damages. [Record No. 7, Att.5] According to Sentry, this was the first notice it received that the Mitchells were seeking $92,600.00, in addition to the amount payable to Deutsche Bank for the remaining balance on the mortgage.  Sentry asserts that it believed the $102,600.00 in specified damages claimed in the Third-Party Complaint ($92,600 for structural damage and $10,000 for damage to personal property) would have to be reduced by Deutsche Bank's mortgage claim.  It contends that the amount then due on the mortgage was $89,599.34 and that this reduced the Mitchells' claim to $13,000.66, far below the jurisdictional minimum.

On March 5, 2008, the Mitchells filed a motion to strike the notice of removal and remand the action to Shelby Circuit Court for failure to comply with the timeliness requirements of § 1446(b).  According to the Mitchells, Sentry was served with the Third-Party Complaint on December 7, 2007, and had notice that the case was removable at that time.  The Mitchells assert that Sentry's argument regarding any offset amount due to Deutsche Bank is without merit, as the amount of the Mitchells' claim clearly exceeded $75,000.  As a result, the Mitchells contend that Sentry's attempted removal on February 11, 2008, violated the thirty-day provision of § 1446(b).  Additionally, the Mitchells claim that Sentry failed to properly notify the parties or the Shelby Circuit Court of the attempted removal in accordance with § 1446(d).  The Mitchells also seek costs and attorney fees under § 1447(c) .

## II.    LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court.  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  28 U.S.C. § 1332(a).  It is well-settled that the federal courts are courts of limited jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005).  Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.  Ky. 1967).

"Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). However, the Court is not required to raise issues of timeliness or other procedural requirements *sua sponte*. *See, e.g.*, *May v. Johnson Controls, Inc*. 440 F. Supp. 2d 879, 881 (W.D. Tenn. 2006). Instead, the burden is on the non-removing party to raise these arguments within thirty days of the filing of the notice of removal, or the right to remand is waived. *See* 28 U.S.C. § 1447(c); *Grudzinski v. Staren*, 87 Fed. App'x 508, 512 (6th Cir. 2004) (holding that failing to object to an untimely removal waives the argument "because untimely removal is a procedural rather than a jurisdictional defect").

Nonetheless, once the non-removing party moves to remand based on a procedural defect, the statutory procedures for removal are to be strictly construed, and any doubts concerning jurisdiction should be resolved in favor of remand. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of establishing that jurisdiction existed at the time of removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

### A.    Timeliness of Removal

The statute governing the timeliness of removal, 28 U.S.C. § 1446(b), "provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). That section states, in relevant part,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

-5-

the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Under a plain reading of the statute, "[t]he first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman*, 969 F.2d at 161. However, if the case stated by the initial pleading is not removable, the second paragraph provides that the notice of removal may be filed within thirty days of the receipt of any amended pleading or other paper from which the defendant can first ascertain that the case is removable. *Id*.

Notably, "the timeliness requirement of the second paragraph of section 1446(b) does not [come into] play *unless 'the case stated by the initial pleading is not removable.*'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added); *see also Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) (holding that a case may be removed "within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable"); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 535 (6th Cir. 2000) (holding that the one year limitation on removal cases

provided by the second paragraph of section 1446(b) "applies only to those that were not initially removable").

In the present case, the Mitchells filed their Third-Party Complaint against Sentry on December 19, 2007, and service had been effectuated previously on Sentry on December 7, 2007.  However, Sentry did not file its notice of removal until February 11, 2008, claiming that it did not become aware that the amount sought by the Mitchells exceeded the jurisdictional limitation until January 16, 2008, when it received a demand letter.  Sentry contends that the amount originally claimed in the Third-Party Complaint was offset by Deutsche Bank's claim against the Mitchells and that it believed the total amount of recovery due the Mitchells was only $13,000.66. [Record No. 7, p.3]

According to the Sixth Circuit, "[t]he general rule in diversity cases is that the amount claimed by a plaintiff in his complaint determines that amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis*, 491 F.3d 522, 531 (6th Cir. 2007) (quoting *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 884 (6th Cir. 2005)). "It is generally agreed that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376* (6th Cir. 2007) (quoting *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002)).  Additionally, this Court has held that "when the applicability of an insurance policy to a particular occurrence is the question, the amount in controversy is measured by the value of the underlying claim." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 2008 U.S. Dist.

LEXIS 54271, at *5 (E.D. Ky. July 16, 2008) (Thapar, J.).

Here, the record demonstrates that Sentry was aware that the Mitchells' claim exceeded $75,000.00, at least at the time of the filing of the Third-Party Complaint, on December 19, 2007.  The prayer for relief clearly seeks "[p]ayment by Sentry to Defendant of the $92,600 . . . ." [Record No. 1, Att. 31]  Although Sentry claims that it believed this amount had to be offset by any claims asserted by Deutsche Bank against the Mitchells, this argument is unavailing. There is no dispute that the value of the policy was $92,600.00, and that this sum was the amount claimed by the Mitchells.  In fact, Sentry admits that it offered the Mitchells $92,600.00 in a letter dated October 22, 2007, if the Mitchells agreed to rebuild their home.

Accordingly, the Court finds that the value of the underlying claim and the amount in controversy exceeded $75,000.00 at the time of the filing of the Third-Party Complaint.[1]  Sentry was required to remove the action within thirty days of its receipt of the third-party complaint on December 7, 2007, or within thirty days of the filing of the Third-Party Complaint on December 19, 2007, at the latest.  Sentry's attempted removal on February 11, 2008, violated this statutory requirement, and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

## B.    "Just Costs" under 28 U.S.C. § 1447(c)

Having concluded that this action was improperly removed, the Court must determine whether costs and attorney fees are warranted under the circumstances presented.  Title 28,

---

[1]     This conclusion is further supported by the language of 28 U.S.C. § 1332(b) regarding the amount in controversy in diversity actions. That section provides for a penalty if a plaintiff files in federal court and alleges diversity jurisdiction but fails to recover "the sum or value of $75,000, computed *without regard to any setoff or counterclaim* to which the defendant may be adjudged to be entitled." 28 U.S.C. § 1332(b) (2008).

section 1447(c), of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005).

In determining whether fees should be awarded in a given case, the Supreme Court has explained that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  Here, although Sentry's argument regarding removable is not supported by the statute or existing case law, the Court is unable to conclude that the basis was wholly objectively unreasonable.  Although this is a close question, the Court chooses to err on the side of not awarding fees under the circumstances presented.  Accordingly, the Mitchells' motions for attorney fees will be denied.

## III.   CONCLUSION

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      Defendants Aaron and Hettie Mitchell's Motion to Remand this action to Shelby Circuit Court  [Record No. 6] is **GRANTED**.  The Motion to Strike is **DENIED**.

2.      The Mitchells' Motion for Costs and Attorneys Fees [Record No. 6] is **DENIED**.

3.      This is action is **REMANDED** to Shelby Circuit Court for further proceedings.

This 18th day of July, 2008.

